IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

LEJOYCE RUFFIN,

    Petitioner,

v.                                          CASE NO. 5:04-cv-320-SPM-AK

JOSE BARRON, JR., WARDEN,

    Respondent.

_____/

**REPORT AND RECOMMENDATION**

This cause, one of the *Guanipa* cases, *see Guanipa v. Holder*, Cause No. 5:04CV150-SPM/AK (N.D. Fla.), is before the Court on Petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Doc. 6. Petitioner has paid the filing fee. In her amended petition, Petitioner challenges the Bureau of Prison's computation of good time, arguing that the BOP "is violating Due Process by improperly depriving prisoner of good time based on an erroneous interpretation of 18 U.S.C. § 3624(b)." *Id*. at 3. Petitioner is presently scheduled for release on September 25, 2008. *See* http://www.bop.gov/iloc2/LocateInmate.jsp. She maintains that she should be awarded an additional 70 days of good time credits, which would, if her argument is correct, place her release date in July, 2008. Doc. 6 at 3. Petitioner has not exhausted her administrative remedies on the ground that "attemp[t] at exhaustion would be patently futile." *Id*.

**DISCUSSION**

A prisoner seeking § 2241 habeas relief must exhaust administrative remedies before filing suit in this Court. *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir.), *cert. denied*, 124 S.Ct. 2112, 158 L.Ed. 2d 722 (2004). This exhaustion requirement applies to computation of sentence credit awards. *Rodriguez v. Lamar*, 60 F.3d 745, 747 (11th Cir. 1995). Where the available administrative remedies are unavailable or wholly inappropriate to the relief sought or where an attempt at exhaustion would be patently futile, exhaustion may be excused. *Fuller v. Rich*, 11 F.3d 61 (5th Cir. 1994). However, "exceptions to the exhaustion requirement apply only in 'extraordinary circumstances,'" *id*. (citation omitted), and the petitioner bears the burden of demonstrating the futility of administrative review. *Id*.

It cannot be disputed that the Bureau of Prisons provides inmates with administrative avenues to allow them "to seek formal review of an issue relating to any aspect of [their] confinement," 28 C.F.R. § 542.10(a), and that there are deadlines incorporated into the administrative remedies program which prevent the BOP from unreasonably delaying consideration of a request for review and any appeal therefrom. *See, e.g.*, § 542.18 (setting forth BOP response times at various levels of review). Indeed, Petitioner does not suggest that there is an absence of administrative remedies or that the remedies which are available would be inappropriate for the type of relief she seeks. Rather, she suggests that exhaustion should be excused as being futile presumably because the BOP has consistently taken the position that in

calculating good time credits, the phrase "term of imprisonment" means "time served," rather than "sentence imposed," as it did in addressing Yraida Guanipa's request for administrative remedy. *See Guanipa* at Doc. 344.

This suggestion of futility has been considered and rejected in this precise context, and this Court believes that the reasoning behind that rejection is sound. In *Sanchez v. Wendt*, the magistrate judge, in concluding that the "fact that petitioner believes his administrative review will be denied does not make this remedy futile," *id*. at *2, stated:

> Petitioner's plight is no different than any other prisoner who disagrees with the calculation of his good time credits. This court is unwilling to create a wholesale exception to the exhaustion doctrine that would allow federal prisoners to circumvent the administrative appeal process and seek federal habeas review of sentence credit issues without at least first attempting to exhaust available administrative remedies. Absent evidence of undue delay, lack of administrative authority, or futility, the principles of exhaustion require that the BOP be given an opportunity to review sentence credit determinations before a federal court exercises habeas jurisdiction.

2003 WL 22327877 (N.D. Tex. Oct. 8, 2003), at *3, *Report and Recommendation adopted by Sanchez v. Wendt*, 2003 WL 22961222 (N.D. Tex. Oct. 27, 2003).

This Court considers exhaustion especially important in light of the fact that although the Bureau has been consistent in its rejection of arguments identical to those advanced by Petitioner regarding the calculation of good time credits, there is a split in the lower courts regarding the interpretation afforded the subject statute by the BOP, *see Guanipa* at Doc. 72, and the purposes of exhaustion are better advanced by allowing the Bureau an opportunity to address the issue as

it arises in each individual prisoner's case.  *See McCarthy v. Madigan*, 503 U.S. 140, 144 (1992) (when agency has opportunity to correct errors, judicial controversy may well be mooted).

In light of the foregoing, it is respectfully **RECOMMENDED** that Petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, Doc. 6, be **DENIED** for failure to exhaust administrative remedies, and this cause be **DISMISSED WITHOUT PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this **30th** day of March, 2005.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

*Case No: 5:04-cv-320-SPM-AK*